UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| HALL HOUSING INVESTMENTS, INC. <br> GULF HALL APARTMENTS, LTD and <br> GULF HALL APARTMENTS, LTD II | * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION NO. <br><br> JUDGE: |
| VERSUS | | |
| XL SPECIALTY INSURANCE COMPANY and <br> CINCINNATI INSURANCE COMPANY | * <br> * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come plaintiffs, Hall Housing Investments, Inc., Gulf Hall Apartments, Ltd. and Gulf Hall Apartments, Ltd. II, who respectfully represent as follows in this Complaint for Damages:

I.

Made plaintiffs herein are:

**HALL HOUSING INVESTMENTS, INC**., a corporation organized under the laws of Alabama and with its principal place of business in Alabama;

**GULF HALL APARTMENTS, LTD**, a corporation organized under the laws of Alabama and with its principal place of business in Alabama; and

**GULF HALL APARTMENTS, LTD II**, a corporation organized under the laws of Alabama and with its principal place of business in Alabama.

1

II.

Made defendants herein are:

**XL SPECIALTY INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business within Alabama and within the jurisdiction of this Honorable Court; and

**CINCINNATI INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business within Alabama and within the jurisdiction of this Honorable Court.

III.

Jurisdiction herein is invoked pursuant to 28 U.S.C. §1332 as the parties' citizenships are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

IV.

Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to this claim occurred in Gulf Shores, Alabama within the Southern District of Alabama.

V.

Defendants are justly and truly indebted to Plaintiffs herein for damages, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

VI.

Plaintiffs own several residential apartment buildings located throughout southern Alabama.

VII.

Plaintiffs contracted with XL Specialty Insurance Company (hereinafter "XL Insurance") and Cincinnati Insurance Company (hereinafter "Cincinnati Insurance") to insure its apartment buildings.  The XL Insurance policies bear policy numbers 01 0661009114 00 and 01 0661001522 00, and the Cincinnati Insurance policy bears policy number CPP 091 65 90.

VIII.

In the days preceding Hurricane Ivan's landfall on September 16, 2004, weather forecasters and government officials predicted that Hurricane Ivan, which was then in the Gulf of Mexico, would severely impact southern Alabama.

IX.

In anticipation of the impending storm, government officials ordered a mandatory evacuation of the greater Gulf Shores area in and around southern Alabama.  The mandatory evacuation order applied to everyone, including the plaintiffs.  The mandatory evacuation order forced everyone to remain away from the affected area until official notice to return was provided.

X.

On September 16, 2004, Hurricane Ivan made landfall in the greater southern Alabama area.  This windstorm severely damaged Plaintiffs' property located at 2500 Boddie Lane, Gulf Shores, AL 36542.  Plaintiffs mitigated its damages at all relevant times, performing necessary repairs in an attempt to swiftly reopen its apartments.

XI.

Plaintiffs timely notified XL Insurance and Cincinnati Insurance of its loss after Hurricane Ivan caused damage to Plaintiffs' property.

XII.

Beginning in October 2004, XL Insurance and Cincinnati Insurance began sending adjusters to Plaintiffs' property to determine the scope of damage to Plaintiffs' property. The respective insurance adjusters inspected the building on several different occasions.

XIII.

As late as May 10, 2005, XL Insurance wrote to Plaintiffs discussing their losses resulting from Hurricane Ivan. Specifically, XL Insurance was advising Plaintiffs that XL Insurance was in receipt of the repair estimates prepared by Professional Adjusting Services, Inc. Said correspondence interrupted the statute of limitations as to Plaintiffs' losses.

XIV.

As of the date of the filing of this Complaint, XL Insurance has tendered Gulf Hall Apartments, Ltd. a total of only $24,660.21 and Gulf Hall Apartments, Ltd. II a total of only $14,257.57 for Plaintiffs' significant losses. This amount is grossly inadequate to compensate Plaintiffs for their losses from Hurricane Ivan.

XV.

At all times pertinent hereto, XL Insurance and Cincinnati Insurance provided insurance coverage for the matters, risks, and things involved herein.

XVI.

Plaintiffs' commercial insurance policies issued by XL Insurance and Cincinnati Insurance provide coverage for loss or damage caused by the peril of wind.

XVII.

Despite having been provided with "satisfactory proof of loss," and despite conducting its own thorough investigation of the damages Plaintiffs incurred from Hurricane Ivan, XL Insurance and Cincinnati Insurance have not adequately paid for any or all of the damage sustained to Plaintiffs' property caused by this covered loss.

XVIII.

XL Insurance and Cincinnati Insurance are liable unto Plaintiffs under the following legal theories:

    a.       Breach of contract;

    b.       Breach of duty of good faith and fair dealing; and

    c.       Any and all other legal theories which may be found through discovery and proven at trial in this matter, including but not limited to, bad faith adjusting.

XIX.

XL Insurance and Cincinnati Insurance have committed other acts of negligence, breach of contract, and breach of its duty of good faith and fair dealing, all of which will be shown and proven at the trial of this matter.

XX.

As a result of XL Insurance and Cincinnati Insurance's actions, Plaintiffs have suffered the following nonexclusive list of damages:

    a.       Loss of use of insured property;

    b.       Loss of enjoyment of insured property;

    c.       Loss of business income;

    d.       Loss of movable goods;

  e. Diminution in value of the property;

  f. Permanent repair and remediation expenses;

  g. Temporary repair and remediation expenses;

  h. Attorney's fees;

  i. Costs of this litigation; and

  j. All other losses that will be proven at the trial of this matter.

XXI.

Plaintiffs reserve the right to supplement and amend this Complaint for Damages.

XXII.

Plaintiffs pray for trial by jury.

**WHEREFORE**, plaintiffs herein, Hall Housing Investments, Inc., Gulf Hall Apartments, Ltd. and Gulf Hall Apartments, Ltd. II pray that the defendants, XL Specialty Insurance Company and Cincinnati Insurance Company be served with a copy of this Complaint and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Plaintiffs and against Defendants, in an amount that will fully compensate Plaintiffs for its damages pursuant to the evidence and in accordance with the law; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

          Respectfully submitted,

          /s/C. Bennett Long_____
          C. Bennett Long (Bar No. LON0046 )
          116 East I-65 Service Road North, Ste. A
          Mobile, AL 36607
          Telephone:   (251) 564-4346
          Facsimile:    (251) 476-1042
          Email:        bennett@lwpc.com
          ATTORNEY FOR PLAINTIFFS

**PLEASE HOLD SERVICE**